**The below described is SIGNED.**

**Dated: May 2, 2014**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Doug Rich,<br>    Debtor. | Bankruptcy Number 10-21536<br><br>Chapter 7<br><br>Judge R. Kimball Mosier |

### MEMORANDUM OPINION REGARDING
### MOTION TO ABANDON REAL PROPERTY

The matter before the Court is the Debtor's motion seeking an order of this Court directing the Trustee to abandon certain real property. There is no material dispute that the real property has no equity for the benefit of unsecured creditors and the Trustee is not administering the real property for the benefit of unsecured creditors so the Court will order the Trustee to abandon the real property.

<u>JURISDICTION</u>

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a), and venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and the Court may enter a final order.

FACTUAL FINDINGS

On February 15, 2010, Doug Rich (Debtor) commenced this bankruptcy proceeding by filing a voluntary petition under chapter 11 of the Bankruptcy Code.[1]  On October 12, 2011, the Court granted the Debtor's voluntary motion to convert the case to one under chapter 7 and Stephen W. Rupp (Trustee) was appointed as the trustee.  On April 19, 2012, the Debtor was issued a discharge.  On May 10, 2012, the Court entered an order approving a settlement agreement between the Debtor and the Trustee.   The settlement agreement resolved several disputes between the Debtor and the Trustee, including the Trustee's claim that the Debtor had made unauthorized post petition transfers.  The settlement agreement resolved and released all claims between the Trustee and the Debtor.

On February 12, 2013, U.S. Bank National Association (Bank) filed a motion seeking relief from the automatic stay with respect to real property located at 263 N 3050 West, Layton, Utah 84041 (Real Property).  Notice of the Bank's relief from stay motion and hearing was given to the Debtor, Debtor's counsel and to the Trustee.  There were no objections filed in response to the Bank's motion for relief from the automatic stay and the Court granted the Bank's motion, thereby terminating the automatic stay as to the Real Property.

On April 3, 2014, the Debtor filed his Motion to Abandon Real Property.  Notice of the Debtor's Motion to Abandon was sent to all creditors and parties-in-interest.  The Debtor's Motion to Abandon states that the Debtor has negotiated a short sale of the Real Property with the consent of the secured creditor.  The motion states that the debt secured by the Real Property totals $520,451.38, that the Real Property is scheduled to be sold at a trustee's foreclosure sale

---

[1] Unless otherwise specified, all references to statutes refer to Title 11 of the United States Code.

2

on April 17, 2014, that the proposed short sale is between the Debtor and Nelson Hansen, the proposed purchase price at the short sale is $335,000, and that the Debtor will not receive any proceeds from the sale.  The Debtor argues that the Real Property has no equity and therefore has no value to the estate.

The Debtor's Motion to Abandon was met with two objections.   The first objection, filed by Michael W. and Gayle R. Allred questions the reliability of the Debtor's representations and questions whether the Debtor has been candid with the Court at all times.  The Allreds failed to appear at the hearing on the Debtor's Motion to Abandon and their objection does not address the merits of the Debtor's motion and the Court will therefore overrule the Allred's objection.

The second objection was filed by the Trustee arguing that the Debtor's motion for abandonment is the equivalent of a motion for approval of sale of the Real Property by the Debtor - something that is beyond the standing or authority of the Debtor.  The Trustee trivializes his failure to object to the Bank's motion for relief from stay and argues that the Debtor's failure to provide an appraisal or valuation of the property should be fatal to the Debtor's motion.  The Trustee also argues that the Debtor has, both before and after the filing of his Chapter 11 bankruptcy petition, engaged in a pattern of fraudulently transferring, or transferring without authority, the value, possession and enjoyment of the Real Property to another.  The Trustee argues that the Debtor's motion fails to explain how he will compensate the estate for his participation in the fraudulent and unauthorized transfer of the value of this property both prior to and during the pendency of his bankruptcy case, and that the request for abandonment is an attempt to curtail or deter the rights and claims of the bankruptcy estate, and in particular those rights and claims arising from the continuing fraudulent and unauthorized post-petition transfer of the Real Property.  The Trustee also argues that the Debtor should have

negotiated harder in an effort to increase the purchase price and provide a carve out for the benefit of the bankruptcy estate.

## DISCUSSION

The only motion before the Court is a motion for abandonment under § 554(b). Section 554(b) provides:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is that is of inconsequential value and benefit to the estate.

The Debtor's stated purpose for seeking abandonment of the Real Property is to effectuate a short sale of the Real Property prior to a scheduled foreclosure sale. The Court finds that a party in interest's motivation for seeking abandonment is irrelevant. The only question the Court should properly address under § 554(b) is whether the property is burdensome or of inconsequential value to the estate.

Property abandoned under § 554 ceases to be part of the estate, and it reverts to the debtor and stands as if no bankruptcy petition was filed. *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990). Once the Real Property ceases to be a part of the bankruptcy estate, this Court lacks jurisdiction over the property, *In re Gardner*, 913 F.2d 1515 (10th Cir. 1990), and the Debtor is free to deal with the Real Property without concern for the bankruptcy laws. The Court does not view the Debtor's stated intention to sell the abandoned Real Property at a short sale as a motion for approval of a sale under § 363, and for that reason will not address the Trustee's objections which raise standing issues under § 363. Similarly, the Debtor's lack of authority to negotiate the short sale is irrelevant.

The Trustee's objection refers, without citing to specific facts,[2] to a pattern on the part of the Debtor of fraudulently transferring property to another. The Trustee has not commenced an adversary proceeding to address the alleged fraudulent transfers[3] and the Trustee provides no details concerning the pattern of alleged fraudulent transfers. In the Court approved settlement, the Trustee granted the Debtor a broad release which broad release may render the Trustee's arguments about pre and post petition transfers moot.[4] But even if the Trustee's allegations are true, and if not moot, the Trustee's allegations of fraudulent transfers does not address the issue the Court must focus on when considering a debtor's motion for abandonment. That question is whether the property is burdensome to the estate or of inconsequential value and benefit to the estate. *In re C.W. Min. Co.*, 465 B.R. 226, 241 (Bankru.D. Utah 2011).

The Debtor argues that there is no equity in the Real Property and that it is of no value to the estate. The Trustee does not seriously challenge the Debtor's assertion that the encumbrances against the Real Property total $520,451.38, nor does the Trustee allege that the value of the Real Property exceeds $520,451.[5] Without arguing there is equity, and having failed

---

[2]It is not clear from the Trustee's objection whether the Trustee is referring to the Debtor's proposed short sale of the Real Property once it is abandoned, or whether the Trustee is referring to other property and other transfers.

[3]The Trustee is armed with a panalopy of remedies to deal with a debtor's pattern of fraudulent transfers including relief under §§ 523, 544, 548, 549, 550, and 727.

[4]The Court notes that on March 21, 2012, the Court entered an order granting the Trustee's motion for turnover of property and that the Trustee and the Debtor entered into a settlement agreement providing for releases of all claims, demands and liabilities, whether known or unknown. Although a number of assets were specifically dealt with in the settlement agreement, the Real Property was not mentioned or dealt with in the settlement agreement. The settlement agreement was approved by court order entered May 10, 2012.

[5]Typically, a chapter 7 trustee will abandon real property of the estate unless there is sufficient equity in the real property to pay all encumbrances on the real property in full and cover realty fees which range from 3% to 6% of the sale price. In this case, if realty fees of 3% were incurred in connection of the Real Property, then the Real Property would have to sell for

5

to oppose the creditor's motion for relief from the stay, the Trustee's objection to abandonment seemingly concedes the Debtor's argument that there is no equity in the Real Property.

When faced with a § 554(b) motion a Trustee has two options: He may concede that the property is burdensome or of inconsequential value and abandon the property or he may demonstrate to the court that his administration of the property will result in a benefit to the estate and he should be allowed to administer the property.  Failure to administer property that is of value and benefit to the estate is not an acceptable option and failure to abandon property that is burdensome is not an acceptable option.

The Trustee has had since November of 2011 to administer the Real Property which is an asset of this estate.  There is no evidence in the docket that the Trustee has attempted to market the Real Property by employing the services of a real estate professional or appraiser, nor does the Trustee allege in his objection that he is attempting to sell, or intends to sell the Real Property sometime in the future.[6]  Importantly, the Trustee does not allege that there is equity or even the possibility of equity in the Real Property.   Accordingly, the Court finds that the Real Property is burdensome to the estate and is of inconsequential value to the estate and the Debtor's motion to abandon the Real Property shall be granted.

---------------------------------------------END OF DOCUMENT-----------------------------------------

---

more than $536,064 in order for the sale to benefit the estate.

[6]Section 704(a)(1) provides that the trustee shall collect and reduce to money the property of the estate as expeditiously as is compatible with the best interests of parties in interest.  The Trustee has had over 2 ½ years to file a motion to sell the Real Property and has not yet done so.

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **Memorandum Opinion Regarding Motion to Abandon Real Property** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Tyler Jensen         tylerjensen@lebaronjensen.com
Stephen W. Rupp      rupptrustee@mbt-law.com

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).